IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**(Baltimore Division)**

| | |
|---|---|
| In re<br><br>**JEFDAN PROPERTIES, LLC**<br><br>   Debtor | Bankruptcy Case No.: 25-12364-NVA<br><br><br>Chapter 11 |

## THE UNITED STATES TRUSTEE'S LIMITED OBJECTION TO APPLICATION FOR EMPLOYMENT COUNSEL

The United States Trustee for Region Four, which includes the District of Maryland, Baltimore Division (the "United States Trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), and pursuant to Section 327 of the United States Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, hereby files this Limited Objection to the Application for Employment of Counsel (Doc. 24) filed by the Debtor.

In support thereof, the United States Trustee represents as follows:

## BACKGROUND

1.     The Debtor is a limited liability company organized and existing under the laws of the State of Maryland.

2.     This case was commenced by the filing of a voluntary petition on March 19, 2025. (*See* Doc. 1.)

3.      On April 14, 2025, Debtor filed an application to employ (the "Application") Robert N. Grossbart and Grossbart, Portney and Rosenberg, P.A. ("Counsel") as its counsel. (*See* Doc. 24.)  The Application was not accompanied by a verified statement of Counsel, as required by Rule 2014(a)(3) of the Federal Rules of Bankruptcy Procedure. This omission appears to be inadvertent as Paragraph 4 of the Application refers to an "affidavit" of Mr. Grossbart that is supposed to be attached to the Application as Exhibit 1.  No such exhibit is attached.

4.      Additionally, Rule 2016(b) of the Federal Rules of Bankruptcy Procedure requires that Counsel file a disclosure of compensation within 14 days after the order for relief.  More than 14 days have passed since entry of the order for relief and Counsel has failed to file a disclosure of compensation.

## ARGUMENT

Section 327 of the Bankruptcy Code provides that the trustee or debtor in possession may employ only professionals who are both disinterested and do not hold or represent interests adverse to the estate.  11 U.S.C. § 327; *In re Heritage Land, LLC*, Case No. 10-36934-PM, 2011 WL 3240589 at *1 (Bankr. D. Md, July 28, 2011).  To "hold or represent an adverse interest" means to:

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.

*Heritage,* 2011 WL 3240589 at *2 (quoting, *In re Bank Brussells Lambert v. Coan (AroChem Corp.*), 176 F.3d 610, 623 (2d Cir. 1999)).  The prohibition on adverse interests

includes both "economic and personal interests of an attorney."  *In re Project Orange Assoc., LLC*, 431 B.R 363, 370 (Bankr. S.D.N.Y. 2010) (quoting *In re Mercury*, 280 B.R. 34, 54 (Bankr. S.D.N.Y. 2002)); *see also Heritage,* 2011 WL 3240589 at *2.  An adverse interest is "any interest or relationship, however slight, that would even faintly color the independence and impartial attitude required by the Code and Bankruptcy Rules."  *In re Granite Partners,* 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998).

Bankruptcy Rule 2014 imposes a complementary duty of disclosure so that courts and parties can determine whether a professional to be employed satisfies Section 327's ethical requirements.  Said differently, Rule 2014 has one primary purpose – to facilitate compliance with Section 327.  But Rule 2014 is also much broader than section 327:

> "[T]he requirements of Fed. R. Bankr. P. 2014 are more-encompassing than those governing the disinterestedness inquiry under section 327.  For while retention under section 327 is only limited by interests that are 'materially adverse,' under Rule 2014, 'all connections' that are not so remote as to be *de minimis* must be disclosed."

*In re Leslie Fay Companies, Inc.*, 175 B.R. 525, 536 (Bankr. S.D.N.Y. 1994).  Thus, professionals must disclose "all of the [professional's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States trustee."  *See* Fed. R. Bankr. P. 2014.

These statutory provisions, which prohibit conflicting interests in bankruptcy, "serve the important policy of ensuring that all professionals appointed pursuant to Section 327(a) tender undivided loyalty and provide untainted advice and assistance."  *Rome v.*

*Braunstein*, 19 F.3d 54, 58 (1st Cir. 1994).   "Because '[t]he objective of requiring disclosure is not so much to protect against prejudice to the estate, but to ensure undivided loyalty and untainted advice from professionals .... [l]ack of disclosure in and of itself is sufficient to warrant disqualification, even if in the end there was no prejudice."   *In re Byington*, 454 B.R. 648, 657 (Bankr. W.D. Va. 2011) (quoting *Midway Indus. Contractors*, 272 B.R. 651, 664 (Bankr. N.D. Ill. 2001)).

The requirement to disclose all connections is not subjective, "whereby the professional discloses only those 'connections' that he/she/it concludes are relevant."   *In re Matco Elec. Group, Inc.*, 383 B.R. 848, 853 (Bankr. N.D.N.Y. 2008).   Said differently, "the existence of a conflict of interest is not the *quid pro quo* for whether or not disclosure must be made. *Id.; see also Granite Partners*, 219 B.R. at 35 (court should not have to "rummage through files or conduct independent fact finding investigations" to determine whether a professional should be disqualified).   And, the duty to disclose under Rule 2014 is ongoing, continues throughout the case, and "requires 'spontaneous, timely, and complete disclosure.'"   *In re The Harris Agency*, 462 B.R. 514, 524 (E.D. Pa. 2011) (citation omitted).

As described in Paragraph 4 above, this failure to file the verified statement is not the only mistake made by Counsel.  Counsel also has failed to file the disclosure of compensation required by Rule 2016(b).

### Local Rule 9013-2 Statement

The United States Trustee submits that no novel issue of law is presented with respect to the matters contained herein.  Accordingly, pursuant to Local Bankruptcy Rule

9013-2, the United States Trustee states that he is not filing a memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein.

## CONCLUSION

For the reasons stated above, the Court should deny the application to employ Robert N. Grossbart and Grossbart, Portney and Rosenberg, P.A. as Debtor's counsel in this case until such time as they have filed a verified statement in accordance with Rule 2014(a)(3) and a disclosure of compensation in accordance with Rule 2016(b).

Respectfully submitted

Dated: April 25, 2025

Matthew W. Cheney,
Acting United States Trustee, Region Four

By: /s/ *Gerard R. Vetter*
Gerard R. Vetter (Fed. Bar No. 08521)
United States Department of Justice
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201
(410) 962-4300
gerard.r.vetter@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that this 25th day of April, 2025, a copy of the foregoing Objection was mailed, first class, postage prepaid, to:

Jefdan Properties, LLC
2235 Conquest Way
Odenton, MD 21113

I HEREBY FURTHER CERTIFY that according to the Court's CM/ECF system, the following parties will receive electronic service of the Objection:

- Robert Grossbart    robert@grossbartlaw.com, debra@grossbartlaw.com
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com; mahlon@dcbankruptcy.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com; verstandiglaw@recap.email

　　　　　　　　　　　　　　　　  /s/ *Gerard R. Vetter*　　　　
　　　　　　　　　　　　　　　　Gerard R. Vetter