IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-12364-NVA |
| | ) | (Chapter 11) |
| JEFDAN PROPERTIES, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| —————————————————————— | ) | |
| | ) | |
| JEDFAN PROPERTIES, LLC | ) | Adv. Case No. _____ |
| | ) | State Court Case No.  C-24-CV-25-002129 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON CAPITAL PARTNERS | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Comes now DP Capital LLC d/b/a Washington Capital Partners ("DPCL"), by and through undersigned counsel, pursuant to Sections 1334 and 1452 of Title 28 of the United States Code and Federal Rule of Bankruptcy Procedure 9027, and hereby gives notice of the removal of the above-captioned matter from the Circuit Court for Baltimore City, Maryland to the United States District Court for the District of Maryland (which, pursuant to Local Rule 402, results in the referral of the matter to this Honorable Court), and in support thereof states as follows:

1.      Though not disclosed by Jefdan Properties, LLC (the "Debtor") on the Statement of Financial Affairs, DE #32, or line 74 of Schedule A/B, DE #31, the Debtor filed suit against DPCL (the "Litigation"), in the Circuit Court for Baltimore City, Maryland, two days before petitioning for chapter 11 relief in this Honorable Court.

2.      The Litigation purports to assert claims against DPCL for breach of contract, fraud in the inducement and violation of the Maryland Mortgage Fraud Protection Act (though DPCL necessarily disputes that the underlying complaint actually states any claim for which relief may be granted and will be timely filing a motion to dismiss).

3.      Insofar as the Litigation seeks damages against the largest creditor in this bankruptcy proceeding,[1] the same may be understood to be a counterclaim by the estate against an entity that has filed two proofs of claim against the estate, thereby rendering this a core proceeding. 28 U.S.C. § 157(b)(2)(C).

4.      Insofar as any judgment realized in the Litigation will serve to partially setoff one or more claims against the Debtor's estate, the Litigation may be understood to concern the allowance or disallowance of claims against the estate, thereby rendering this a core proceeding. 28 U.S.C. § 157(b)(2)(B).

5.      Insofar as the Litigation is a previously-undisclosed putative asset of the Debtor's estate, this is a proceeding affecting the liquidation of a putative asset of the estate, thereby rendering this a core proceeding. 28 U.S.C. § 157(b)(2)(O).

6.      In light of the Litigation being a core proceeding, this Honorable Court enjoys original and exclusive jurisdiction over the matter. 28 U.S.C. § 1334(a).

7.      DPCL consents to the entry of a final judgment or order by this Honorable Court. Fed. R. Bankr. P. 9027(a)(1)(B).

---

[1] It appears the Debtor intended to sue WCP Fund I LLC and, instead, sued DPCL—a related but distinct entity. In the current posture, this case is *not* actually against a creditor of the estate, insofar as the two pertinent claims are both serviced by WCP Fund I LLC for the benefit of third parties. Both underlying loans were originated by WCP Fund I LLC. It is, rather genuinely, unclear why the Debtor has sued DPCL—which uses "Washington Capital Partners" as a registered trade name—when the loan documents make quite clear that WCP Fund I LLC is the actual originating lender and servicer.

8.      The underlying state court complaint—which DPCL believes to be the only pleading in the matter—is appended hereto as Exhibit A. Should any other process or pleadings prove to be extant, DPCL will promptly ensure the same are similarly docketed herein. Fed. R. Bankr. P. 9027(a)(1)(C).

9.      This notice of removal is filed within ninety (90) days of the order for relief in the Debtor's case and is thereby timely in nature. Fed. R. Bankr. P. 9027(a)(2)(A).

                                    Respectfully submitted,

Dated: June 6, 2025                 By: /s/ Maurice B. VerStandig
                                        Maurice B. VerStandig, Esq.
                                        Bar No. 18071
                                        The VerStandig Law Firm, LLC
                                        1452 W. Horizon Ridge Pkwy, #665
                                        Henderson, Nevada 89012
                                        Phone: (301) 444-4600
                                        Facsimile: (301) 444-4600
                                        mac@mbvesq.com
                                        *Counsel for DP Capital LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June, 2025, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Robert Grossbart    robert@grossbartlaw.com, debra@grossbartlaw.com
- US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV
- Gerard R. Vetter    gerard.r.vetter@usdoj.gov

I FURTHER CERTIFY that on this 6th day of June, 2025, a copy of the foregoing—sans exhibits—is being docketed in the Circuit Court for Baltimore City, Maryland, to be served through that Honorable Court's MDEC system upon all parties entitled to receive notice thereof.

                                    /s/ Maurice B. VerStandig
                                    Maurice B. VerStandig