IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>**JEFDAN PROPERTIES, LLC,**<br><br>Debtor | Bankruptcy Case: 25-12364-NVA<br><br>Chapter 11 |

**THE UNITED STATES TRUSTEE'S
MOTION TO CONVERT TO CHAPTER 7 OR DISMISS CASE**

Matthew W. Cheney, Acting United States Trustee for Region Four, which includes the District of Maryland, Baltimore Division (the "United States Trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. §1112(b), converting to Chapter 7 or dismissing the above-referenced case.

In support thereof, the United States Trustee represents as follows:

**BACKGROUND**

1. On March 19, 2025, Jefdan Properties, LLC ("Jefdan") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. (*See* Doc. 1.)

2. In an email, dated March 24, 2025, the United States Trustee requested that Jefdan provide to the United States Trustee copies of its last two filed tax returns. As of the date of filing of this Motion, Jefdan has failed to provide copies of its tax returns to the United States Trustee.

3.	Jefdan has failed to file monthly operating reports for the months of April and May, 2025.

## ARGUMENT

**A.	Legal Framework**

4.	Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 trustee.  11 U.S.C. § 1112(b); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011).  Which of the three actions should be taken is determined by the best interests of the creditors and the estate.  *Id.*

5.	In determining which of the three remedies is appropriate, the Court is to consider only the best interests of the creditors and the estate.  The interest of the debtor is not a factor to be considered.  *Lakefront Investors, LLC, v. Clarkson*, 484 B.R. 72, 84-86 (D. Md. 2012).

6.	If the moving party establishes "cause," the debtor (or other party-in-interest opposing the motion) can avoid conversion, dismissal or the appointment of a trustee only by showing:

    i.	"unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate";

    ii.	a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

      iii.    the grounds for converting or dismissing the case include an act or omission of the debtor (a) for there exists a reasonable justification, and (b) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. 1112(b)(2).[1]

7. The Code provides 16 examples of "cause." 11 U.S.C. §1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *In re Skeen, Goldman, LLP*, Case No. 07-10535-JS, 2007 WL 4556683 at *4 (Bankr. D. Md., Dec. 20, 2007); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

## Failure to File Monthly Operating Reports.

8. Pursuant to 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a), and Federal Rule of Bankruptcy Procedure 2015, Chapter 11 debtors-in-possession are required to file Monthly Operating Reports with the court and the United States Trustee on a monthly basis.

9. The failure to file Monthly Operating Reports constitutes "cause," pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case. *See Landmark Atlantic*, 448 B.R. at 716-17; *In re All Denominational New Church*, 268 B.R. 536, 538 (8th Cir. BAP 2001); *In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D. Md. 1992); *see also* 11 U.S.C. § 1112(b)(4)(F) ("cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter"). As one bankruptcy court explained:

---

[1] Where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," conversion, dismissal or appointment of a trustee is required and the exceptions set forth in this paragraph do not apply. 11 U.S.C. § 1112(b)(2)(B).

> Monthly operating reports "are much more than busy work imposed upon a Chapter 11 debtor for no other reason than to require it do something." They are "the life blood" of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations. Failure to file them -- and to file them timely -- is a serious breach of the debtor's fiduciary obligations and "undermines the Chapter 11 process." It is well established, consequently, that a debtor's failure to submit monthly operating reports is "cause" to convert the case or dismiss it.

*In re Rey*, Nos. 04-B-35040, 04-B-22548, 06-B-4487, 2006 WL 2457435 at *8 (Bankr. N.D. Ill. Aug. 21, 2006) (citations omitted); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("[r]efusal or inability to provide financial disclosure [through monthly operating reports] sounds the death knell of a chapter 11 case").

10. Jefdan has not filed any Monthly Operating Reports in this case. Thus, reports for March and April 2025 are currently overdue and outstanding.

### **Failure to Provide Tax Returns**

11. Pursuant to 11 U.S.C. § 1112(b)(4)(H), the failure to provide information reasonably requested by the United States Trustee constitutes cause.

12. By e-mail dated March 24, 2025, the United States Trustee requested Jefdan provide a copy of its last two filed tax returns. That request was a reasonable request because, *inter alia*, Jefdan is required to timely file those returns and timely pay those taxes. *See* 11 U.S.C. § 1112(b)(4)(I). Thus, the failure to provide those returns to the United States Trustee constitutes cause.

13. If Jefdan has not filed its 2023 and 2024 returns, and if taxes related to those returns came due or the returns were due after the petition date, those failures also constitute cause.

**Local Rule 9013 Statement**

14.     The United States Trustee submits that no novel issue of law is presented with respect to the matters contained herein.  Accordingly, pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee states that he is not filing a memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order:

(1)     Granting this Motion;

(2)     Converting to Chapter 7 or in the alternative dismissing this case; and

(3)     Granting such other and further relief as is just and proper.

Dated: June 11, 2025

Respectfully submitted,

Matthew W. Cheney,
Acting United States Trustee for Region Four

By: */s/ Gerard R. Vetter*
Gerard R. Vetter
Fed. Bar No.: 08521
United State Department of Justice
101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-4300
E-mail:  gerard.r.vetter@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2025, a copy of the foregoing Motion to Convert to Chapter 7 or to Dismiss was sent via first class mail, postage prepaid to:

Jefdan Properties, LLC
2235 Conquest Way
Odenton, MD 21113

According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

- Robert Grossbart    robert@grossbartlaw.com, debra@grossbartlaw.com
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com mahlon@dcbankruptcy.com ; mac@dcbankruptcy.com verstandig.mauricer104982@notify.bestcase.com verstandiglaw@recap.email

                                      */s/Gerard R. Vetter*
                                      Gerard R. Vetter