IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-12364-NVA |
| | ) | (Chapter 11) |
| Jefdan Properties, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**RESPONSE TO MOTION TO CONVERT OR DISMISS**

Comes now WCP Fund I LLC as servicer for SF NU, LLC ("WCP"), by and through undersigned counsel, in response to The United States Trustee's Motion to Convert to Chapter 7 or Dismiss Case (the "Motion," as found at DE #39) and states as follows:

**I. Introduction**

Inherent in a single asset real estate case is a certain bargain: the debtor is given at least 90 days free of the pressures and stresses of collection efforts, in exchange for which the debtor must only endeavor to comply with the rigors of chapter 11 and meaningfully attempt to reorganize. Here, it very much appears Jefdan Properties, LLC ("Jefdan" or the "Debtor") has seized every benefit of the former part of that bargain whilst utterly neglecting almost every obligation of the latter part of that bargain. And WCP thusly joins the United States Trustee (the "UST") in seeking the conversion or dismissal of this case.

Insofar as "cause" abundantly exists, and there does not appear to be any meaningful effort of Jefdan to overcome the burden-shifting dynamic of Section 1112 of Title 11 of the United States Code, the operative inquiry becomes whether conversion or dismissal would most benefit creditors. In the factual prism of this case, WCP—the sole scheduled creditor—fervently supports conversion, believing a chapter 7 trustee should be afforded opportunity to sell the Debtor's lone asset. In the alternative, however, WCP does not oppose dismissal if such is accompanied by a bar

on refiling for a period of not less than six months. Transparently, there exists a concern that dismissal without such a bar would only serve to facilitate a second eleventh-hour bankruptcy petition on the part of a debtor that has shown little regard for the chapter 11 process in the first instance.

## II. Standard

Title 11 of the United States Code (the "Bankruptcy Code") provides that matters under chapter 11 may be converted or dismissed, after notice and a hearing, for "cause." 11 U.S.C. § 1112(b)(1). The same statutory provision then goes on to non-exhaustively delineate what may constitute such cause, including, *inter alia*:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. . . (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter. . .

11 U.S.C. § 1112(b)(4). "The list is illustrative, not exhaustive. Courts may find cause for other equitable reasons." *In re Whetten*, 473 B.R. 380, 382 (Bankr. D. Colo. 2012) (citing 11 U.S.C. § 1112(b)(4); *In re FRGR Managing Member LLC*, 419 B.R. 576, 582–83 (Bankr. S.D.N.Y. 2009)).

Once a party in interest has filed a motion such as that brought by the UST, seeking conversion or dismissal and setting forth cause within the meaning of Section 1112(b)(4) of the Bankruptcy Code, the burden shifts to the Debtor to demonstrate the satisfaction of four criteria:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that-- (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)-- (i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2). Thus the Debtor must establish (i) unusual circumstances giving rise to the underlying cause; (ii) a reasonable likelihood of timely plan confirmation; (iii) reasonable justification for the cause giving rise to the underlying motion; and (iv) imminent cure of the subject deficiency. Critically, these criteria are conjunctive, not disjunctive, so unless each and every criterion is satisfied, the Bankruptcy Code requires a case to be converted.

## III. Argument: Cause Exists for Conversion or Dismissal

As noted in the Motion, there is ample cause to convert or dismiss this case. The UST does an excellent job noting the absence of monthly operating reports and, indeed, such reports *still* have not been filed more than two weeks later. While the Debtor insists its sole asset "is currently non-income producing," DE #48 at ¶ 1, such only serves to compound—not excuse—the absence of operating reports: after all, docketing a report repletes with zeroes assuredly takes less time and effort than preparing one with the complex financial data attendant to an operating business.

WCP also observes that insofar as the Debtor acknowledges being non-income producing, it appears the administrative toll of this case does, in turn, create a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). Critically, "[t]here need not be a significant diminution in the estate to satisfy Section 1112(b)(2). All that need be found is that the estate has suffered some diminution in value." *In re E. Coast Airways, Ltd*., 146 B.R. 325, 336 (Bankr. E.D.N.Y. 1992) (citing *In re Kanterman*, 88 B.R. 26, 29 (S.D.N.Y. 1988)).

Here, the Debtor is assuredly incurring attorneys' fees through the pendency of this case yet, equally, has not established—and seemingly cannot establish—any source of revenue or asset appreciation with which to offset this administrative burden. Equally, interest continues to accrue

on the debt owed to WCP. There accordingly exists at least *some* diminution in value of Jefdan's estate, with liabilities adding up as an asset base fails to keep track.

This ongoing diminution is met with an absence of any reasonable likelihood of reorganization. This is a single asset real estate case where no plan was docketed, and no payments to creditors commenced being made, within ninety days. While WCP respects and appreciates that its pending motion for stay relief, DE #42, is a somewhat separate consideration from the UST's Motion, WCP would also be remiss to not observe that a statutory entitlement to stay relief would seem, almost by definition, to doom the reorganizational prospects of any single asset real estate debtor. The deadline in Section 362(d)(3) of the Bankruptcy Code is neither flexible nor malleable; allowing that deadline to pass without so much as docketing a plan and disclosure statement is facially antithetical to the existence of "a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

Nor does it appear Jefdan has meaningfully engaged—much less satisfied—the burden-shifting dynamic of Section 1112. The opposition brief docketed earlier today, DE #48, does not so much as feign the existence of "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2). Nor does Jefdan identify a reasonable likelihood of plan confirmation (something that would seemingly require the accepting vote of WCP, the lone creditor herein). Nor does the Debtor offer any justification—much less reasonable justification—for the failure to file operating reports to date. And, equally, the absence of those operating reports persists, with no imminent cure being so much as promised.

The Debtor would, of course, have to establish each of the foregoing conjunctive criteria to clear the burden-shifting dynamic of Section 1112. So simply filing operating reports, on the

eve of a hearing, will not be sufficient to forgive the existence of "cause." And it accordingly bears notation that the absence of "unusual circumstances," alone, would seem to militate in favor of granting the Motion, just as would the absence of a reasonable likelihood of plan confirmation in a case where no plan has been introduced.

## IV. Argument: Conversion is in the Best Interests of Creditors or, Alternatively, Dismissal with a Bar to Refiling Would Serve the Interests of Creditors

Once "cause" is established, the relevant inquiry becomes whether dismissal or conversion is "in the best interests of creditors and the estate. . ." 11 U.S.C. § 1112(b)(1). Here, in light of this being a single asset real estate case, WCP strongly believes that conversion—or, alternatively, dismissal with a bar to refiling—is in the best interests of creditors, for the simple reason that either such eventuality will ensure a prompt and orderly liquidation of the Debtor's sole asset.

As noted by a leading treatise, "[t]he Code does not define the phrase 'best interests of creditors and the estate.' Presumably, the parties will be the best judge of their own best interests, and if all of the parties agree on one course of action, the court should accommodate their desire." 7 Collier on Bankruptcy P 1112.04 (citing *Arkansas, Inc. v. United States Trustee (In re Camden Ordnance Mfg. Co. of Ark., Inc.)*, 245 B.R. 794, 802 (E.D. Pa. 2000); *In re Great Am. Pyramid Joint Venture*, 144 B.R. 780, 793 (Bankr. W.D. Tenn. 1992).

Here, WCP emphatically supports conversion because (i) the Debtor asserts there to be equity in the real estate asset; (ii) a chapter 7 trustee will be well situated to sell that asset, in an efficient and market-competitive manner, for the benefit of both WCP and equity; and (iii) such a conversion will moot any risk of a successive chapter 11 filing again frustrating a foreclosure under state law. And while WCP believes it is entitled to stay relief, as suggested in a pending motion, WCP would be willing to at least temporarily forbear from exercising such relief so as to work with a chapter 7 trustee to facilitate a sale of the asset through the bankruptcy process.

Alternatively, however, if this Honorable Court believes dismissal to be the more appropriate remedy, WCP would ask that such be accompanied by a bar to refiling for at least six months. The Debtor has done very little to show a genuine interest in the chapter 11 process and has seemingly shirked myriad obligations attendant thereto, not the least of which being completing and docketing operating reports. Permitting the Debtor to simply refile would be to implicitly—even if unintentionally—reward the nonfeasance of Jefdan in this case. Such is at odds with the good faith rigors that underlie the Bankruptcy Code.

## V. Conclusion

WHEREFORE, WCP respectfully prays this Honorable Court (i) grant the Motion; (ii) convert this case to chapter 7 or, in the alternative, dismiss this case with a six month bar to refiling; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 26, 2025

By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

*[Certificate of Service on Following Page]*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of June, 2025, a copy of the foregoing was served electronically upon filing via the ECF system with copies to:

- Robert Grossbart robert@grossbartlaw.com, debra@grossbartlaw.com
- US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV
- Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email
- Gerard R. Vetter gerard.r.vetter@usdoj.gov

/s/ Maurice B. VerStandig
Maurice B. VerStandig